**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NIAL WILLIAMS, | |
| Plaintiff, | |
| v. | Case No. 3:23-cv-00202-JMK |
| ANCHORAGE SCHOOL DISTRICT, et al., | |
| Defendants. | |

## <u>SCREENING ORDER</u>

On September 7, 2023, self-represented litigant Nial Williams ("Plaintiff") filed this civil case against the Anchorage School District, the Alaska Department of Corrections ("DOC"), the Anchorage Police Department, two unnamed Securitas Agents, and 26 individual defendants ("Defendants").[1] Plaintiff alleges that on September 7, 2021, he "refused to wear a mask and refused to produce and give over private medical information" and was therefore "denied access to be able to address the Anchorage School Board and its members that evening."[2] After being denied entry, Plaintiff attempted to sneak into the meeting and was ultimately arrested for Resisting or Interfering with Peace Officer,[3] Disorderly

---

[1] Docket 1.

[2] Docket 1 at 11.

[3] Anchorage Municipal Code ("AMC") 8.30.010(A)(6).

Conduct,[4] Violation of Conditions of Release,[5] and Trespass.[6] Plaintiff claims he was taken to the Anchorage Correctional Complex, where he spent 36 hours before his release.[7] Plaintiff claims all charges were dismissed.[8] Based on these allegations, Plaintiff claims Defendants violated his right to equal protection, his right to be free from cruel and unusual punishment, and his right to freedom of speech. For relief, Plaintiff seeks damages in the amount of $1,000,000.00, a "[r]uling that the mask mandate is unconstitutional[,]" an order requiring Defendants to participate in mandatory training on the Bill of Rights by a constitutional lawyer, and immediate implementation of body cameras on all Anchorage police officers.[9]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the docket records of the Alaska Trial Courts.[10] However, the publicly available state court records did not include any criminal charges filed in

---

[4] AMC 8.30.120(A)(2).

[5] AMC 8.30.110(A).

[6] AMC 8.45.010(A)(3)(b)

[7] Docket 1 at 17.

[8] Docket 1 at 12–13.

[9] Docket 1 at 20.

[10] S*ee United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted).

September 2021.[11]  The Court also takes judicial notice of the other related civil cases Plaintiff has filed alleging violations of his constitutional rights.[12]

The Court now has screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.  As explained further below, the Complaint is DISMISSED for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and failure to state a claim upon which relief could be granted. However, Plaintiff is accorded **60 days** to file an amended complaint in accordance with the guidance herein.

## SCREENING STANDARD

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[13]  In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i)  is frivolous or malicious;
>
> (ii)  fails to state a claim on which relief may be granted; or
>
> (iii)  seeks monetary relief against a defendant who is immune from such relief.[14]

---

[11] The docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[12] *See Williams v. Constant, et al.,* Case No. 3:23-cv-00180-JMK; *Williams v. Bellamy, et al.,* Case No. 3:23-cv-00252-JMK.

[13] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[14] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:23-cv-00202-JMK, *Williams v. Anchorage School District, et al.*
Screening Order
Page 3 of 21

During screening, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.[15]  However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[16]  Additionally, although the scope of review generally is limited to the contents of the complaint, a district court also may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[17]  Information that contradicts the allegations of a complaint may fatally undermine the complaint's allegations.[18]

Before a district court may dismiss any portion of a complaint, it must provide a plaintiff with an opportunity to file an amended complaint or otherwise address the problems, unless to do so would be futile.[19]  However, a district court cannot act as counsel for a self-represented litigant, such as by supplying the essential

---

[15] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

[16] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[17] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[18] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[19] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).  *See also Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (explaining futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

elements of a claim.[20]  The Court will nevertheless highlight several deficiencies noted upon review and set forth some legal standards applicable to the claims that the Court has identified in the Complaint.  However, it is Plaintiff's burden to set forth the legal and factual basis for each claim should Plaintiff elect to file an amended complaint.

## DISCUSSION

### I.  Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[21]  To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[22]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23]

---

[20] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982).

[21] Fed. R. Civ. P. 8(a)(2).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In making this determination, a court may consider "materials that are submitted with and attached to the Complaint."  *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[23] *Ashcroft*, 556 U.S. at 678.

A complaint should set out each claim for relief separately and include specifics about each named defendant is involved.[24] There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.[25] Factual allegations must not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[27] Vague and conclusory allegations of participation in civil rights violations are not sufficient.[28] Rather, Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for."[29]

## II. Plaintiff May Not Bring Claims on Behalf of Others

While Plaintiff does not specially list any additional plaintiffs in the narrative of the Complaint,[30] he references violations of another unnamed citizen[31] and

---

[24] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[25] *Rizzo,* 423 U.S. at 371; *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir. 1980).

[26] *Ashcroft,* 556 U.S. at 678.

[27] *Id.* at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[28] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

[29] *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996).

[30] *See* Fed. R. Civ. P. 10(a) (requiring all parties be named in the title of the complaint).

[31] *See* Docket 1 at 11 (Plaintiff claims he witnessed a security officer deny a citizen entry due to insufficient documentation to justify a medical exemption to the mask requirement insufficient).

Case No. 3:23-cv-00202-JMK, *Williams v. Anchorage School District, et al.*
Screening Order
Page 6 of 21

"40,000 innocent children."[32]  However, a self-represented litigant may represent only his own interests.[33]  A non-attorney has "no authority to appear as an attorney for others than himself."[34]  Accordingly, the Court only considers the claims affecting Plaintiff personally, and in any amended complaint, Plaintiff must only bring claims on his own behalf.

## III.  Improper Joinder

Parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."[35]  In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the action is based on the same facts that involve multiple defendants.  Unrelated claims that involve different defendants must be brought in separate lawsuits.

---

[32] Docket 1 at 12.

[33] 28 U.S.C. § 1654.

[34] See *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

[35] Fed. R. Civ. P. 20(a)(2).

## IV. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[36] A defendant in a civil rights lawsuit must be a "person."[37] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[38] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[39] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[40] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and the plaintiff must allege an affirmative link between the injury and the conduct of that defendant.[41]

### A. First Amendment claims

Plaintiff claims his First Amendment rights were violated when he was prevented from addressing the school board. As the Court previously explained,

---

[36] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[37] 42 U.S.C. § 1983.

[38] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[39] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[40] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[41] *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Case No. 3:23-cv-00202-JMK, *Williams v. Anchorage School District, et al.*
Screening Order
Page 8 of 21

federal courts apply "forum analysis" when evaluating First Amendment claims relating to speech on government property.[42] School facilities may be deemed to be forums for public expression "only if school authorities have by policy or by practice opened those facilities for indiscriminate use by the general public or by some segment of the public."[43] The Court refers Plaintiff to its Screening Order in *Williams v. Constant, et al.,* for additional information on pleaded a claim for a violation of freedom of speech.

In this case, Plaintiff has not pleaded facts to support a claim that either his right to freedom of speech or freedom of association were violated. Instead, by Plaintiff's own admission, he was denied entry to the meeting based on his refusal to comply with the mask requirement or to provide documentation to justify a medical or religious exemption. Public authorities have a duty to enact reasonable regulations and policies to protect the public welfare, irrespective of the "wishes or convenience of the few" who object.[44] Plaintiff has not pleaded facts to establish his speech was restricted because of his viewpoints or the content of his speech. Instead, he states his speech was restrained because he was not allowed to "speak without masking."[45] Additionally, he was not the only individual subject to

---

[42] *Williams v. Constant, et al.,* Case No. 3:23-cv-00180-JMK, Docket 5 at 11.

[43] *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 267 (1988) (internal quotation marks and citations omitted).

[44] *Denis v. Ige,* 538 F. Supp. 3d 1063, 1073 (D. Haw. 2021).

[45] Docket 1 at 14.

the masking requirement. Rather, he claims another individual was also denied entry for failing to wear a mask or provide appropriate documentation to justify an exemption. For these reasons, Plaintiff fails to state a claim for a violation of his right to freedom of speech of freedom of association. Further, Plaintiff has not pleaded facts to establish the mask requirement substantially burdened the exercise of his religion, as required to state a claim for violation of free exercise clause. Although amendment likely is futile, Plaintiff is accorded leave to amend his First Amendment claims.

### B. Unreasonable Search and Seizure claims

Plaintiff asserts that he "felt it a violation of his right to be secure in his person, houses, papers and effects, against unreasonable searches and seizures to have to show private medical information to agents of the government."[46] Liberally construed, Plaintiff argues he should not have had to provide his medical information in order to enter the meeting without wearing a mask. Although Plaintiff claims he is "medically and religiously exempt from mask wearing," he has not alleged any defendant illegally searched or seized his private medical information. Additionally, the initial refusal to allow Plaintiff access to the meeting for failing to comply with the mask requirement is not a basis for a false arrest claim. At most his freedom to do what he wanted—assumedly enter the meeting and address the

---

[46] Docket 1 at 11.

Case No. 3:23-cv-00202-JMK, *Williams v. Anchorage School District, et al.*
Screening Order
Page 10 of 21
Case 3:23-cv-00202-JMK    Document 6    Filed 05/31/24    Page 10 of 21

school board—was restrained, but that is not a seizure.[47]  Mere refusal of entry or removal from a governing body's meeting is not an arrest.[48]

After a plaintiff is actually arrested, he may challenge the legality of the arrest.  However, the Fourth Amendment does not forbid a warrantless arrest for a minor criminal offense.[49]  To plead a claim for false arrest or imprisonment in violation of the Fourth Amendment, Plaintiff must allege facts demonstrating the arresting officers lacked probable cause or other justification.[50]  Courts must consider the totality of the circumstances and should be "wary of second-guessing the split-second judgments made by law enforcement officers in the heat of their battle against crime from the certainty and comfort of [ ] chambers."[51]

---

[47] *United States v. Kim,* 25 F.3d 1426, 1430 (9th Cir. 1994) (plaintiff was asked to leave, therefore, plaintiff was free to terminate the encounter at any time and leave; as a matter of law, there was no seizure and no arrest because plaintiff could terminate encounter anytime at his choosing), *compare United States v. Washington*, 490 F.3d 765, 772 (9th Cir. 2007) (seizure because a person in plaintiff's shoes would not have felt at liberty to terminate the encounter with the police and leave).

[48] *Cf. Price v. Peerson, 2014* WL 12579823, at 8 (C.D. Cal. 2014), aff'd, 643 F. App'x 637 (9th Cir. 2016) (being escorted from courthouse not seizure).  *See also Heaney v. Roberts,* 846 F.3d 795, 805–06 (5th Cir. 2017) (affirming summary judgment on false arrest claim where plaintiff was not arrested and never detained after leaving council chambers; also not a detention)*; Laverdi v. Jenkins Township,* 49 F. App'x 362, 364 (3d Cir. 2002) (compliance with officer's escort from township council meeting is not a seizure); *Youkhanna v. City of Sterling Heights,* 332 F. Supp. 3d 1058, 1070 (E.D. Mich. 2018) (no unlawful seizure where citizen escorted out of city council meeting after being called out of order); *Price v. Peerson, 2014* WL 12579823, at 8 (C.D. Cal. 2014), *aff'd* 643 F. App'x 637 (9th Cir. 2016) (being escorted from courthouse not seizure).

[49] *Atwater v. City of Lago Vista*, 532 U.S. 318, 318 (2001).

[50] *See Beck v. City of Upland,* 527 F.3d 853, 864–66 (9th Cir. 2008); *Dubner v. City and Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001).

[51] *United States v. Valencia-Amezcua*, 278 F.3d 901, 906 (9th Cir. 2002) (internal quotation marks and citation omitted); *see also Hill v. California*, 401 U.S. 797, 804–05

Case No. 3:23-cv-00202-JMK, *Williams v. Anchorage School District, et al.*
Screening Order
Page 11 of 21
Case 3:23-cv-00202-JMK   Document 6   Filed 05/31/24   Page 11 of 21

Here, the arrest occurred because Plaintiff plainly and intentionally ignored the security officer and attempted to sneak into the meeting. In his own words, after he was denied entry, "Plaintiff chose to walk into the meeting. Plaintiff did so by going in between a sign and a planter that were placed directly in front of the emergency exits to the building."[52] Officers then "grabbed Plaintiff's arms and torso seizing and arresting" him.[53] Plaintiff claims he was "breaking no law" but "standing against an unlawful policy" and that the charges ultimately were dismissed.[54] Given the facts pleaded, it is highly improbable that Plaintiff could demonstrate that it was objectively unreasonable for the arresting officers to believe they had probable cause to arrest Plaintiff for at least trespassing, regardless of any additional facts Plaintiff might allege. As with Plaintiff's claims above, amendment likely is futile. However, the Court grants Plaintiff leave to amend these claims.

### C. Equal Protection claims

The Equal Protection Clause of the Fourteenth Amendment requires that all persons who are similarly situated be treated alike.[55] The Fourteenth Amendment

---

(1971) (finding that officers acted reasonably based on the totality of the circumstances, including a good-faith, but ultimately mistaken, belief that they were arresting the correct suspect).

[52] Docket 1 at 12.

[53] *Id.*

[54] Docket 1 at 13.

[55] *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

Case No. 3:23-cv-00202-JMK, *Williams v. Anchorage School District, et al.*
Screening Order
Page 12 of 21

Case 3:23-cv-00202-JMK   Document 6   Filed 05/31/24   Page 12 of 21

Here, the arrest occurred because Plaintiff plainly and intentionally ignored the security officer and attempted to sneak into the meeting. In his own words, after he was denied entry, "Plaintiff chose to walk into the meeting. Plaintiff did so by going in between a sign and a planter that were placed directly in front of the emergency exits to the building."[52] Officers then "grabbed Plaintiff's arms and torso seizing and arresting" him.[53] Plaintiff claims he was "breaking no law" but "standing against an unlawful policy" and that the charges ultimately were dismissed.[54] Given the facts pleaded, it is highly improbable that Plaintiff could demonstrate that it was objectively unreasonable for the arresting officers to believe they had probable cause to arrest Plaintiff for at least trespassing, regardless of any additional facts Plaintiff might allege. As with Plaintiff's claims above, amendment likely is futile. However, the Court grants Plaintiff leave to amend these claims.

### C. Equal Protection claims

The Equal Protection Clause of the Fourteenth Amendment requires that all persons who are similarly situated be treated alike.[55] The Fourteenth Amendment

---

(1971) (finding that officers acted reasonably based on the totality of the circumstances, including a good-faith, but ultimately mistaken, belief that they were arresting the correct suspect).

[52] Docket 1 at 12.

[53] *Id.*

[54] Docket 1 at 13.

[55] *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

is not violated by unintentional conduct that may have a disparate impact.[56]  To state a claim for a violation of this provision, a plaintiff must plausibly allege facts that, if proven, would demonstrate that a defendant acted with an intent or purpose to discriminate against the plaintiff based upon the plaintiff's membership in a protected class."[57]

Plaintiff claims his equal protection rights were violated because he was forced to wear a mask despite religious and medical exemptions.[58]  Plaintiff also alleges his equal protection rights were violated by DOC while he was detained.[59]  However, disparate treatment is the initial element of an equal protection claim, and Plaintiff has not alleged facts to support a finding of discrimination based on Plaintiff's membership in a protected class.  Therefore, the Complaint fails to state a plausible equal protection claim.  While amendment is likely futile, Plaintiff is accorded leave to amend this claim.

### D.    Cruel and Unusual Punishment claim

After his arrest, Plaintiff claims he was subjected to cruel and unusual punishment when he was booked into the Anchorage Correctional Center.  Plaintiff claims "Defendant No. 2:  Alaska Department of Corrections" violated his rights by

---

[56] *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 265 (1977); *Washington v. Davis,* 426 U.S. 229, 239 (1976).

[57] *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998).

[58] Docket 1 at 16.

[59] Docket 1 at 19.

Case 3:23-cv-00202-JMK   Document 6   Filed 05/31/24   Page 13 of 21

trying to subject him to a medical examination upon arriving at the facility, and then forced into "deplorable" conditions of confinement.[60]

To the extent Plaintiff challenges the facility's booking procedures as unconstitutional, Plaintiff has failed to state a claim upon which he can seek relief. To allege a defendant instituted a policy that harmed him, plaintiff must: (1) identify that policy with specificity, (2) show that the defendant was directly responsible for it, (3) show that the defendant knew the policy could cause plaintiff harm, and (4) show how the policy caused him harm.[61] The Supreme Court of the United States has confirmed the importance of deference to correctional officials and explained that a regulation, policy, or custom impinging on an inmate's constitutional rights must be upheld "if it is reasonably related to legitimate penological interests."[62] Correctional officials "have a significant interest in conducting a thorough search as a standard part of the intake process. The admission of new inmates creates risks for staff, the existing detainee population, and the new detainees themselves. Correctional officials have a responsibility to detect contraband, identify gang affiliations, and screen for contagious infections and for wounds or injuries requiring immediate medical attention.[63] Therefore,

---

[60] Docket 1 at 17.

[61] *See Starr v. Baca,* 652 F.3d 1202, 1207–08 (9th Cir. 2011).

[62] *Turner v. Safley,* 482 U.S. 78, 89 (1987). *See also Overton v. Bazzetta*, 539 U.S. 126, 131–132 (2003).

[63] *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington,* 566 U.S. 318 (2012).

courts have acknowledged that correctional officials must be allowed to conduct an effective search during the intake process, and reasonable correctional officials could conclude they must conduct the same thorough search of everyone who will be admitted to their facilities.[64] Likewise, a reasonable correctional official could conclude any person refusing to comply with the standard intake process should not be assigned to the general population, but should be held without substantial contact with other inmates.

In this case, Plaintiff has not pleaded facts to support a claim challenging a policy or custom. Additionally, Plaintiff has failed to state a plausible claim against any individual correctional officer. Plaintiff refers to DOC generally and fails to plead the specific injury he claims to have suffered as a result of the conduct of a particular defendant.[65] A plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.[66] Also, the complaint must allege in specific terms how each named defendant is involved.[67] An alleged injury must be traceable to the defendant in order to meet standing requirements. Often referred to as causation, a plaintiff must show how the defendant's action, or lack thereof, caused his injury.[68]

---

[64] *Id.*

[65] *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

[66] *See, e.g., West v. Atkins,* 487 U.S. 42, 48 (1988).

[67] *Rizzo,* 423 U.S. at 371.

[68] *See Allen v. Wright*, 468 U.S. 737, 751 (1984).

Further, the protections of the Eighth Amendment are "reserved for 'those convicted of crimes' . . . ."[69] Plaintiff was not a convicted prisoner in the custody of the state at the time of the alleged violations, and as such, the Eighth Amendment does not apply. Instead, conditions of confinement claims care brought by pretrial detainees must be evaluated under an objective standard.[70] "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case' and must be determined "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight."[71]

Correctional officers must provide inmates with "food, clothing, shelter, sanitation, medical care, and personal safety."[72] However, "the Constitution does not mandate comfortable prisons,"[73] and "conditions of confinement may be, and

---

[69] *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley*, 475 U.S. at 318); *see also Ingraham v. Wright*, 430 U.S. 651, 671–72 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only *after* the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions") (emphasis added).

[70] *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1122–25 (9th Cir. 2018) (relying on *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc) and concluding that the subjective deliberate indifference standard under the Eighth Amendment did not apply to pretrial detainee's inadequate medical care claim under the Fourteenth Amendment).

[71] *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

[72] See *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Wright v. Rushen*, 642 F.2d 1129, 1132–33 (9th Cir. 1981).

[73] *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

often are, restrictive and harsh."[74]   To prevail on a claim for unconstitutional conditions of confinement, a plaintiff must demonstrate a deprivation of "the minimal civilized measures of life's necessities."[75]  Whether an inmate's conditions of confinement rise to the level of a constitutional violation may depend in part on the length of exposure to the conditions.[76]

Plaintiff claims the facility's "forced medical procedures" violate his rights.[77] However, Plaintiff does not seem to allege he was actually subjected to any forced treatment, but states he was placed in isolation due to his refusal to consent to what he calls a "forced and invasive medical examination."[78]   Plaintiff claims that because he refused to submit to the initial medical examination upon booking, he was placed into solitary confinement, held in unsanitary conditions, denied access to the phone, and detained for over four hours after his bail was posted.[79]  He also claims he was not "given *any* food or clean water to drink."[80]  Plaintiff states he is unable to eat pork due to religious beliefs and is allergic to dairy.[81]  Plaintiff claims

---

[74] *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).

[75] *Allen v. Sakai*, 48 F.3d 1082, 1084 (9th Cir. 1995) (citing *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)).

[76] *Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir. 1996) (citing *Hutto v. Finney,* 437 U.S. 678, 686–87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' may be tolerable for a few days and intolerably cruel for weeks or months.")).

[77] Docket 1 at 19.

[78] *Id.*

[79] Docket 1 at 19.

[80] Docket 1 at 18 (emphasis added).

[81] Docket 1 at 17.

Case No. 3:23-cv-00202-JMK, *Williams v. Anchorage School District, et al.*
Screening Order
Page 17 of 21

he informed the jail staff of his dietary restrictions,[82] but says during his 36 hour stay, his diet consisted only of pork and dairy. Without more information, the Court cannot determine whether Plaintiff has demonstrated an infringement of his constitutional rights. However, the Court grants Plaintiff leave to amend this claim.

## CONCLUSION

For the reasons above, the Complaint is dismissed for failure to comply with Rule 8 and failure to state a claim upon which relief could be granted. Plaintiff is accorded **60 days** from the date of this order to file an amended complaint. An amended complaint replaces the prior complaint in its entirety.[83] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[84] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new

---

[82] Docket 1 at 17.

[83] *See* Fed. R. Civ. P. 15; D. Alaska Loc. Civ. R. 15.1.

[84] Fed. R. Civ. P. 8(a)(2).

Case No. 3:23-cv-00202-JMK, *Williams v. Anchorage School District, et al.*
Screening Order
Page 18 of 21
Case 3:23-cv-00202-JMK   Document 6   Filed 05/31/24   Page 18 of 21

unrelated claims. An amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury.

**IT IS THEREFORE ORDERED:**

1.      Plaintiff's Complaint at **Docket 1 is DISMISSED** for failing to state a to state a claim upon which relief could be granted. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2.      Plaintiff is accorded **60 days** from the date of this order to file one of the following:

      a.      <u>First Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

      b.      <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form, the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

**4.** Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is GRANTED.**

5. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[85] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

6. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

7. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[86] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of

---

[85] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[86] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Court, if needed.  If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

8.    With this order, the Clerk is directed to send:  (1) form PS22, with "FIRST AMENDED" written above the title; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 31st day of May, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE