IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

NIAL SHERWOOD WILLIAMS,

        Plaintiff,

v.

ANCHORAGE SCHOOL DISTRICT, *et al.*,

        Defendants.

Case No. 3:23-cv-00202-SLG

### ORDER OF DISMISSAL

On September 1, 2023, Nial Sherwood Williams, a self-represented litigant ("Plaintiff"), filed a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint"), a civil cover sheet, and an application to waive filing fee.[1] The Court screened the Complaint, found it deficient, but granted Plaintiff leave to file either an amended complaint or a notice of voluntary dismissal by July 30, 2024.[2] To date, Plaintiff has not responded.

### DISCUSSION

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

---

[1] Dockets 1-3.

[2] Docket 5.

the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[3]

Here, the first two factors — the public's interest in expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. Plaintiff's failure to file either a First Amended Complaint or Notice of Voluntary Dismissal within the specified timeline suggests Plaintiff does not intend to litigate this action diligently.[4] Further, a presumption of prejudice to a defendant arises when the plaintiff unreasonably delays prosecution of an action.[5] Because Plaintiff has not offered any justifiable reason for failing to meet the Court's deadline, the third factor also favors dismissal.[6]

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[7] However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction,"[8] which is the case here. The

---

[3] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[4] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward... disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").

[5] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *See, e.g., Hernandez v. City of El Monte,* 138 F.3d 393, 401 (9th Cir.1998) (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

[7] *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

[8] *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir.

Case No. 3:23-cv-00202-SLG, *Williams v. Anchorage School District, et al.*
Order of Dismissal
Page 2 of 3

Case 3:23-cv-00202-SLG   Document 8   Filed 08/02/24   Page 2 of 3

fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[9] The Court's Order at Docket 6 warned Plaintiff of the potential dismissal of this action in the event of noncompliance. Based on the foregoing, this case must be dismissed. Dismissal without prejudice "minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief."[10] The Court finds no other lesser sanction to be satisfactory or effective in this case.[11] Therefore, this case is dismissed, without prejudice, for failure to prosecute this action.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED without prejudice**.
2. All pending motions are **DENIED as moot.**
3. The Clerk of Court shall issue a final judgment.

DATED this 2nd day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

2006) (citing *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).

[9] *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (internal citation omitted).

[10] *Alli v. City and County of San Francisco*, 2022 WL 3099222 (N.D. Cal. 2022) (internal citations omitted).

[11] *See, e.g., Henderson,* 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted).