# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

NIAL SHERWOOD WILLIAMS,

        Plaintiff,

v.

ANCHORAGE SCHOOL DISTRICT, *et al.,*

        Defendants.

Case No. 3:23-cv-00202-SLG

## ORDER OF DISMISSAL

This case was originally filed by self-represented litigant Nial Sherwood Williams ("Plaintiff") on September 1, 2023. On May 31, 2024, a screening order was issued, which identified numerous deficiencies with the complaint but accorded Plaintiff an opportunity to file an amended complaint. The case was reassigned to the undersigned judge on July 10, 2024. On August 2, 2024, Plaintiff filed a First Amended Complaint ("FAC").[1] Earlier that same day, the Court had issued an Order of Dismissal for failure to file an amended complaint by the July 30th deadline and closed this case.[2] But since the Court received the FAC only a few days after the deadline, this case was reopened on August 7, 2024. However, the Court has now screened the FAC in accordance with 28 U.S.C. §§ 1915(e)

---

[1] Docket 10.

[2] Dockets 8-9.

and 1915A and finds that it contains the same deficiencies previously identified in the Court's screening order at Docket 6. Accordingly, this action must be dismissed.

In fact, upon review, Plaintiff has not made any substantive changes to the FAC, other than to remove many of the defendants previously named. Although the FAC only names three of the 31 defendants originally named,[3] the narratives describing all seven of Plaintiff's claims and the contents of all four of his requests for relief are word-for-word identical to those in the original complaint.[4] A plaintiff's failure to correct the deficiencies identified in a screening order is "a strong indication that [he has] no additional facts to plead" and "any amendment would be futile."[5] Therefore, the Court will not accord Plaintiff a second opportunity to amend his claims.[6]

---

[3] *See* Docket 1 at 2-3.

[4] *Compare* Docket 1 at 10–20, *with* Docket 10 at 4–14.

[5] *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (2009) (citation omitted). *See also Salameh v. Tarsadia Hotel,* 726 F.3d 1124, 1133 (9th Cir. 2013) (holding that district court properly denied leave to amend when "the district court gave Plaintiffs specific instructions on how to amend the complaint, and Plaintiffs did not comply"); *Metzler Inv. GMBH v. Corinthian Colls., Inc.,* 540 F.3d 1049, 1072 (9th Cir. 2008) (affirming dismissal of plaintiff's third amendment complaint with prejudice when plaintiff failed to cure deficiencies that had "persisted in every prior iteration of the [complaint]").

[6] *See Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012). ("[A] party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile."); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed self-represented plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice.**

2. All pending motions are **DENIED as moot.**

3. The Clerk shall issue a final judgment and close this case.

DATED this 26th day of December 2024, at Anchorage, Alaska.

                                        */s/ Sharon L. Gleason*
                                        SHARON L. GLEASON
                                        UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00202-SLG, *Williams v. Anchorage School District, et al.*
Order of Dismissal
Page 3 of 3
        Case 3:23-cv-00202-SLG    Document 12    Filed 12/26/24    Page 3 of 3